IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH SENCZAKOWICZ,<br>    Plaintiff | CIVIL ACTION<br><br>No. |
| v. | |
| COMMUNITY HEALTH SYSTEMS, INC. and<br>NORTHAMPTON HOSPITAL COMPANY, LLC<br>d/b/a EASTON HOSPITAL,<br>BRIAN FINESTEIN, JOHN COKER and<br>KAREN VADYAK,<br>    Defendants. | JURY TRIAL DEMANDED |

**COMPLAINT**

FILED
JUN 13 2014
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**I. PRELIMINARY STATEMENT**

This is an action for an award of damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Elizabeth Senczakowicz (hereinafter "Elizabeth Senczakowicz" or "Plaintiff"). Elizabeth Senczakowicz was an employee of Community Health Systems, Inc., Northampton Hospital Company, LLC d/b/a/ Easton Hospital (hereinafter collectively "Easton Hospital") Easton, Pennsylvania, who has been harmed by the sex-based harassment, sex-based discrimination and retaliatory practices as well as other improper conduct by Defendants.

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, Title 42 U.S.C. §2000e, *et seq.*, Title 43 Pa. Cons. Stat. Ann. §951 *et seq.* and Pennsylvania common law.

**II. JURISDICTION AND VENUE**

1. The original jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. §2000e-5(f), 28 U.S.C. §1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e, *et seq.*

2. The Supplemental Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367,

to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act and Pennsylvania common law.

3. Venue is proper in the Eastern District of Pennsylvania in that some or all of the events complained of herein occurred in Northampton County, Pennsylvania.

4. As to the Title VII claims, Plaintiff has invoked the procedure set forth in § 706 (a) of Title VII. On May 30, 2013, Elizabeth Senczakowicz filed a Charge of Discrimination with the EEOC which was jointly filed with the Pennsylvania Human Relations Commission, against the Defendants, alleging, *inter alia* sexual harassment, gender based employment discrimination, maintenance of a sexually hostile work environment and retaliation. Plaintiff exhausted her required administrative filings with the EEOC for purposes of filing the Federal Claims herein, including obtaining the Right to Sue from the EEOC on April 15, 2014. This action has been filed within ninety (90) days of receipt of said Notice. More than one year has expired since the filing of the Complaint with the Pennsylvania Human Relations Commission.

### III. PARTIES

5. Plaintiff, Elizabeth Senczakowicz, is an adult female citizen and resident of the Commonwealth of Pennsylvania, residing at 73 Ridge Road, Shickshinny, Pennsylvania. Plaintiff, Elizabeth Senczakowicz, at all times pertinent hereto, has been employed by Defendants from on or about 1992 to 2003 as a staff nurse and from in or around 2012 through June 21, 2013, as Director of Surgical Services, until she was forced to resign her position.

6. From June 11, 2012 through June 21, 2013, Plaintiff was Director of Surgical Services for Easton Hospital.

7. Defendant Community Health Systems, Inc., (hereinafter "Community Health Systems") is the parent company of Defendant Northampton Hospital Company, LLC, which does

business in Pennsylvania through its controlled subsidiary, Northampton Hospital Company, LLC.

8. Defendant Northampton Hospital Company, LLC (hereinafter "Northampton Hospital Company") is a subsidiary of Defendant Community Health Systems, Inc., and is a Pennsylvania Corporation, and does business as Easton Hospital with a principal place of business at 250 South 21st Street, Easton, Pennsylvania.

9. Corporate Defendants are herein collectively referred to as "Easton Hospital" or Defendants.

10. Defendant Brian Finestein (hereinafter "Brian Finestein" or "Finestein") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant hereto, Brian Finestein, male, was CEO of Defendant Easton Hospital. At all times relevant hereto, Brian Finestein was an agent, servant, workman and/or employee of Defendant Easton Hospital, acting and or failing to act within the scope, course and authority of his employment and his employer, Easton Hospital. At all times relevant, Brian Finestein was acting in his supervisory and personal capacity.

11. Defendant John Coker (hereinafter "John Coker" or "Coker") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant hereto John Coker, male, was the Director of Human Resources for Defendant Easton Hospital. At all times relevant hereto, John Coker was an agent, servant, workman and/or employee of Defendant Easton Hospital, acting and or failing to act within the scope, course and authority of his employment and his employer, Easton Hospital. At all times relevant, John Coker was acting in his capacity as an employee of Defendant Easton Hospital and his personal capacity.

12. Defendant Karen Vadyak (hereinafter "Karen Vadyak" or "Vadyak") is a resident and citizen of the Commonwealth of Pennsylvania. At all times relevant hereto Karen Vadyak

female, was the Chief Nursing Officer/Assistant CEO for Defendant Easton Hospital. At all times relevant to this action Karen Vadyak was an agent, servant, workman and/or employee of Defendant Easton Hospital, acting and or failing to act within the scope, course and authority of her employment and her employer, Easton Hospital. At all times relevant, Karen Vadyak was acting in her capacity as an employee of Defendant Easton Hospital and her personal capacity.

13. At all times relevant hereto, Easton Hospital has been a "person" or "employer" as defined under Title VII, and is subject to the provisions of the said Act.

14. At all times relevant hereto, Easton Hospital has been an "employer" as defined under the PHRA, and is subject to the provisions of said Act.

15. At all times relevant hereto, Defendant Easton Hospital owned, operated, controlled and/or managed the Easton Hospital location where Plaintiff was employed.

16. At all times relevant hereto, Defendant Easton Hospital acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

17. Defendant Easton Hospital has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of sexual harassment, gender discrimination and retaliation.

18. At all relevant times herein, Defendant Easton Hospital knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

19. At all relevant times herein, Defendants Brian Finestein, John Coker and Karen Vadyak knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same, and aided and abetted the illegal conduct of Defendant Easton Hospital.

## IV. CAUSES OF ACTION

20. Elizabeth Senczakowicz was hired by Defendant Easton Hospital to be Director of Surgical Services on or about June 11, 2012.

21. Beginning immediately, even with her interview, Plaintiff was sexually harassed when Brian Finestein made comments about her physical appearance.

22. Immediately following Plaintiff's interview, Karen Vadyak told Plaintiff that she is "going to be hired for sure" because Brian Finestein said he "was going to divorce his wife and marry (the Plaintiff)."

23. Almost continuously and daily from the summer of 2012 to June of 2013, Plaintiff was subjected to continuous sexual harassment by Defendant's CEO Finestein.

24. Without limitation, Plaintiff was exposed and subjected to the sexual harassment and hostile work environment set forth below.

25. In January 2013, CEO Finestein publicly embarrassed Plaintiff in front of her peers in a hospital meeting by making sexually suggestive comments about her badge lanyard looking like Mardi Gras beads.

26. Finestein made it known that traditionally a woman had to lift up her shirt and expose her breasts to obtain the Mardi Gras beads.

27. In January 2013, Plaintiff promptly reported Finestein's offensive comments to Defendant's Director of Human Resources, John Coker.

28. Plaintiff told John Coker that if CEO Finestein's behavior continued, she would report it to the Community Health Systems corporate compliance confidential hotline.

29. In the aforementioned meeting, John Coker told Plaintiff that Finestein's behavior was not acceptable, that he would speak to him about it, and reassured Plaintiff that it would not happen again.

30. Plaintiff told Coker that Finestein favored employees who were attractive females and

expressed her concern to Coker.

31. Prior to Plaintiff's complaint to John Coker, Finestein visited Plaintiff's office on a daily basis to "round" on the surgical Systems department.

32. Following Plaintiff's complaint to John Coker, Finestein stopped visiting Plaintiff's office for several weeks and treated Plaintiff differently at staff meetings.

33. Beginning in or about March 2013, Plaintiff's female subordinate, Lisa Herzog, (hereinafter "Lisa Herzog") was subjected to inappropriate sexually suggestive comments by CEO Finestein, regarding Lisa Herzog's forthcoming surgery at Easton Hospital. These comments included, but were not limited to the following:

    a. Stating that when Lisa Herzog would be under anesthesia while undergoing surgery at Easton Hospital, CEO Finestein would find an excuse to be in the operating room with her;

    b. Stating that he would be taking pictures of her body during her surgery; and

    c. Stating that he would be writing on her body during surgery.

34. Herzog reported Finestein's comments to Plaintiff, her supervisor. Plaintiff immediately reported the inappropriate and sexually suggestive comments to John Coker.

35. Upon learning of Finestein's behavior and comments toward Lisa Herzog, Coker reassured Plaintiff that he would speak with Finestein.

36. Regarding Finestein's statements that he would be present in the room during Lisa Herzog's surgery, Coker stated that Finestein was "just joking" and because Lisa Herzog had baked cookies for him, Finestein had said he could joke with Lisa Herzog that way.

37. In addition to Plaintiff and Lisa Herzog, other employees of Defendants witnessed Finestein's sexual harassment of Plaintiff and/or were subjected to sexual harassment and/or subjected to retaliation by Defendants and their agents.

38. Plaintiff's secretary, Melissa Klass (hereinafter "Melissa Klass") witnessed Finestein's

sexually suggestive comments and behavior toward Plaintiff.

39. Melissa Klass was aware that Plaintiff was fearful of being alone with Finestein.

40. On or about December 1, 2012, Melissa Klass, Plaintiff's secretary, moved into Plaintiff's office so that she would not have to be alone with Finestein.

41. On numerous occasions, between 2012 and June 2013, Plaintiff reported Finestein's sexual harassment to Coker and/or Vadyak and Defendants.

42. Between 2012 and June 2013, Defendants and Coker and/or Vadyak were directly and/or indirectly on notice about the sexual harassment and hostile work environment created by Finestein.

43. Despite being put on notice on numerous occasions about the sexual harassment of Finestein, Coker and Vadyak, Defendant failed to take prompt and immediate action designed to stop the harassment, to the great damage and detriment of Plaintiff.

44. Without limitation, Defendants were expressly put ou notice as follows:

   a. On January 2013, Plaintiff reported to Coker that Finestein had made sexually suggestive commeuts about her badge looking like Mardi Gras beads;

   b. That Finestein would be looking for pictures of just how Plaintiff got her beads, aud whether it was the traditional way for a woman to get them by lifting up her shirt and exposing her breasts;

   c. On March 30, 2013, Plaintiff reported to Defendants, including Coker, that Finestein had told Lisa Herzog, a nurse, that when she was under anesthesia, while in surgery at the hospital, Finestein would find an excuse to be in the operating room to take picture of her body.

   d. Herzog told Plaintiff which Plaintiff which Plaintiff conveyed to Cohen and Vadyak repeatedly, between January and April of 2013, that Finestein had told Herzog with regard to her scheduled surgery, "Won't you be surprised

   when you wake up after surgery and drop your panties and see 'Brian was here' written on your body.";

   e. On or about April 9, 2013, Plaintiff reported the entire series of events regarding herself and Lisa Herzog to Defendants' corporate confidential disclosure hotline, providing names of personnel who had witnessed Finestein's sexual harassment and retaliation toward Plaintiff and Lisa Herzog; and

   f. Plaintiff's supervisor, Mark Knoblauch (hereinafter "Mark Knoblauch") also reported Finestein's sexual harassment of Plaintiff to John Coker. Mark Knoblock was terminated shortly after his reporting Fiuestein's sexual harassment of Plaintiff to Coker.

45. Despite assurances from the hotline representative that a report would be typed and submitted to a supervisor for immediate investigation, Plaintiff did not receive a response from the corporate hotline.

46. On or about April 23, 2013, Plaintiff called the corporate confidential disclosure hotline, she was read a response as follows: "Thank you for reporting your concerns to the confidential disclosure hotline. CHS takes these matters very seriously. An investigation has occurred and proper actions have been taken. For further information or concerns, you may contact Grant Hoffman, regional director of human resources. This matter is considered closed at this time."

47. On April 30, 2013, Plaintiff requested a meeting with Coker and Vadyak. Present were Plaintiff, Lisa Herzog, Coker and Vadyak.

48. During the aforementioned meeting, Vadyak stated that no investigation was taken because Finestein admitted his behavior. Coker stated, "There is no reason for either of you to feel uncomfortable."

49. When Plaintiff requested that either Coker or Vadyak address their employees who had been impacted this behavior, Coker replied, "Isn't that your job?"

50. On or about May 31, 2013, Vadyak stopped Plaintiff in the hallway and stated that she was aware that Plaintiff had made a complaint about Finestein to an outside agency. She further stated that she felt it would be appropriate for Finestein to be discharged.

51. When Plaintiff opened her e-mail that morning, she found a message from Coker, stating, "I am not happy about what Karen [Vadyak] told me...talk later."

52. As set forth above, Plaintiff at all times relevant, maintained exemplary work habits and job performance and had at all times fulfilled all of the duties and obligations commensurate with that employment.

53. At all times relevant, Plaintiff had been consistently given favorable job performance reviews.

54. The sexual harassment and continued retaliation suffered by Plaintiff, and Defendants' response to same, created intolerable working conditions which led to, *inter alia*, Plaintiff's constructive discharge.

55. On or about June 3, 2013, when Plaintiff was forced to resign because of the ongoing sexual harassment and retaliation, Plaintiff was called by Defendants' Chief of Surgery, Dr. Victor Dy (hereinafter, "Dr. Victor Dy"), who asked Plaintiff to reconsider her resignation.

56. On or about June 3, 2013, Dr. Scott Winikoff (hereinafter "Dr. Scott Winikoff") stated that Finstein had acted very happy over Plaintiff's resignation.

57. From in or about January 2013, when Plaintiff first reported the sexual harassment by Finestein, he continuously sexually and verbally harassed Elizabeth Senczakowicz, and took adverse employment action against her including, but not limited to the following:

    a. Making derogatory statements in Administrative meetings about being

      reported to corporate compliance; and

      b. Repeatedly calling Plaintiff's office, stating, "I know your week wouldn't be complete without a call from me. I know I am your favorite person."

58. Despite Elizabeth Senczakowicz's repeated protests as to Defendant Brian Finestein's sexual harassment toward Plaintiff, Brian Finestein's unwelcome and offensive behavior continued.

59. Brian Finestein's sexually harassing conduct toward Elizabeth Senczakowicz was so open, notorious and outrageous that it was known to employees, staff, managers and other representatives of Defendants. As such, Defendants knew or should have known of Brian Finestein's sexually harassing conduct.

60. Plaintiff also repeatedly advised Brian Finestein that his conduct was inappropriate.

61. Defendants, Brian Finestein and/or John Coker, and/or Karen Vadyak failed and refused to take any action proper, appropriate or sufficient to terminate or redress the continuing sexual harassment and assault levied against Plaintiff.

62. Despite Plaintiff's complaints, Defendants failed to take prompt, appropriate remedial action which would be reasonably calculated to redress and correct the illegal behavior of its employees.

63. Despite Plaintiff's complaints, John Coker was promoted.

64. Immediately after Plaintiff complained to John Coker and/or Karen Vadyak, about Brian Finestein, Finestein, Coker and Vadyak began a continuous course of retaliation against Elizabeth Senczakowicz for complaining of sexual harassment with the full knowledge of Defendants. The retaliation includes, but is not limited to, the following:

      a. Continuously sexually harassing Plaintiff;

      b. Maintaining Plaintiff's job reporting to Finestein, Coker and Vadyak;

      c. Maintaining Plaintiff's working conditions in close proximity to Finestein,

   forcing Plaintiff to plan her movements to avoid Finestein and fearing for her safety;

   d. Intentionally refusing to respond to and/or delaying responses to Plaintiff's complaints of sexual harassment by Finestein; and

   e. Promoting John Coker.

65. Defendants retaliated against Plaintiff and failed to promptly and effectively address Plaintiff's complaints concerning Brian Finestein's sexual harassment, and retaliation in violation of its own policy and procedures. Defendants' retaliation and failure to respond quickly and effectively is illustrated by but not limited to the following facts:

   a. Ignoring and failing to take proper or prompt corrective action in response to Plaintiff's complaints and opposition to the sexual harassment;

   b. Making Plaintiff's working conditions intolerable and constructive discharging Plaintiff on or about June 2, 2013;

   c. Despite Defendants knowledge of Brian Finestein's conduct and Elizabeth Senczakowicz's complaints, the aforementioned Finestein, Coker and Vadyak remained employed by Defendant Easton Hospital;

   d. Despite Defendants' knowledge of Brian Finestein's harassment of Plaintiff and Plaintiff's complaints, Defendants failed to investigate Plaintiff's complaints;

   e. Witnesses to Brian Finestein's conduct were not interviewed;

   f. Finestein made derogatory comments about Plaintiff at staff meetings;

   g. Plaintiff reported Brian Finestein's sexually harassing, and retaliatory and derogatory acts to John Coker and Karen Vadyak who did nothing to assist Plaintiff;

  h. Despite the aforementioned, Defendants ignored and/or minimized the significance and severity of said conduct;

  i. Defendants took no action to require Finestein, Coker and Vadyak to cease these retaliatory activities and, in fact, they continued to retaliate as well as continue in their positions with Defendants; and

  j. Defendants had actual and formal notice of Brian Finestein's capacity for unwelcome sexual conduct and sexual harassment.

66. Despite being aware of Brian Finestein's conduct, constituting and consisting of sexual harassment and retaliation Feinstein, Coker and Vadyak remained employed with all of the actual and apparent authority over personnel and employees associated with that position. Finestein, Coker and Vayak also continued to snpervise activities of Plaintiff.

67. Even though Brian Finestein's actions constituted sexual harassment, he was not disciplined for that conduct.

68. Defendants never acted to correct the sexual harassment or retaliation that Plaintiff suffered from nor did it take any steps to mitigate or alleviate the damage that Elizabeth Senczakowicz suffered to her reputation as a Director at Easton Hospital and Defendants' employee and /or person. Indeed, Easton Hospital's failure to act intensified the damage to Plaintiff's reputation and Defendant, Easton Hospital's continued employment of Defendant Brian Finestein gave its apparent authority and implicit approval and as such constituted retaliation on the part of Defendant Easton Hospital, as well.

69. Defendants created or permitted to exist a hostile work environment within which Elizabeth Senczakowicz was asked to function.

70. Elizabeth Senczakowicz believes, and therefore avers, that Defendants created and/or permitted an intolerable and hostile work environment designed to interfere with her employment and to victimize her because she reported the illegal actions of Brian

Finestein by, but not limited to the following:

   a. Creating and fostering a work environment that was so openly hostile toward Plaintiff that she was fearful for her personal safety and her job; and

   b. Creating and fostering a work environment that was so openly hostile toward Plaintiff that when she complained about the sexual harassment and retaliation, she was ignored.

71. Defendants were responsible and liable for the conduct of its employees for subjecting Elizabeth Senczakowicz to a sexually harassing employment and work environment and for failing to protect Plaintiff from Defendants' unlawful conduct.

72. As a direct result of the conduct of Defendants, Brian Finestein, John Coker and Karen Vadysak, Elizabeth Senczakowicz has been irrevocably damaged.

73. As a direct result of the conduct of Defendants and Brian Finestein, John Coker and Karen Vadysak, Elizabeth Senczakowicz has suffered and continues to suffer severe emotional, psychological and physical distress.

74. As a direct result of Defendants' conduct, Plaintiff's career, professional and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

**COUNT I**
**ELIZABETH SENCZAKOWICZ**
v.
**COMMUNITY HEALTH SYSTEMS, INC. and NORTHAMPTON HOSPITAL COMPANY, LLC d/b/a EASTON HOSPITAL**
<u>**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991**</u>

75. Paragraphs 1 through 74, inclusive, are incorporated by reference as if fully set forth at length herein.

76. Based on the foregoing, the Defendants have engaged in unlawful practices in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000 (e), *et seq.* The said unlawful practices for which Defendants are liable to Elizabeth

Senczakowicz include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against her because of her expressed opposition to offensive sexually related conduct in the work place, subjecting her to more onerous working conditions, and treating her in a disparate manner.

77. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendants in violation of Title 42 U.S.C. § 2000 (e), *et seq.*, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT II
## ELIZABETH SENCZAKOWICZ
### v.
## COMMUNITY HEALTH SYSTEMS, INC. and NORTHAMPTON HOSPITAL COMPANY, LLC d/b/a EASTON HOSPITAL
### RETALIATION UNDER TITLE VII

78. Paragraphs 1 through 77, inclusive, are incorporated by reference as if fully set forth at length herein.

79. By the acts complained of, Defendants have retaliated against Plaintiff for exercising her rights under Title VII in violation of Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. §2000 (e) *et seq.* in violation of these acts.

80. Defendants' foregoing continued adverse employment actions and violations, including retaliation against and constructive discharge of Plaintiff under circumstances giving rise to an inference of discrimination and retaliation, were taken without valid and just cause.

81. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

## COUNT III
## ELIZABETH SENCZAKOWICZ
### v.

**COMMUNITY HEALTH SYSTEMS, INC. and NORTHAMPTON HOSPITAL COMPANY, LLC d/b/a EASTON HOSPITAL**
**NEGLIGENCE UNDER TITLE VII**

82. Paragraphs 1 through 81, inclusive, are incorporated by reference as if fully set forth at length herein.

83. Defendants were negligent in the following respects:

    a. Failing to implement an effective, well-known and uniformly enforced policy against sexual harassment;

    b. Failing to properly investigate Plaintiff's complaints of sexual harassment;

    c. Failing to take any action reasonably calculated to remedy Plaintiff's complaints of sexual harassment;

    d. Failing to impose any discipline upon their employees who had engaged in sexual harassment;

    e. Failing to take reasonable actions to discover illegal discrimination by their employees; and

    f. Failing to take reasonable actions to prevent illegal discrimination, including but not limited to sexual harassment, from taking place.

84. Defendants owed Plaintiff a duty in all of the respects set forth in paragraph 69, but failed to perform each of those duties as set forth above.

85. As a direct, reasonable and foreseeable result of the negligence of Defendants, Plaintiff suffered the injuries and damages set forth above.

**COUNT IV**
**ELIZABETH SENCZAKOWICZ**
**v.**
**BRIAN FINESTEIN, JOHN COKER and KAREN VADYAK**
**43 Pa.C.S.A. § 951, et seq.**

86. Paragraphs 1 through 85, inclusive, are incorporated by reference as if fully set forth at length herein.

87. The unlawful actions of Defendants acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act. The said unlawful practices for which Defendants are liable to Plaintiff include, but are not limited to, termination of Plaintiff because of her sex, fostering and perpetuating a hostile and offensive work environment, retaliating against Plaintiff because of her expressed opposition to discriminatory conduct in the workplace, subjecting Plaintiff to more onerous working conditions and treating Plaintiff in a disparate manner.

88. As a direct result of the Defendants' willful and unlawful actions in treating employees, including Plaintiff, in a discriminatory manner solely because of their sex, in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

89. At all relevant times herein, Defendants Brian Finestein, John Coker and Karen Vadyak knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same, and aided and abetted the illegal conduct of Defendants Community Health Systems, Inc. and Northampton Hospital Company d/b/a Easton Hospital.

## COUNT V
## ELIZABETH SENCZAKOWICZ
### v.
### BRIAN FINESTEIN, JOHN COKER and KAREN VADYAK
### RETALIATION UNDER THE PENNSYLVANIA HUMAN RELATIONS ACT

90. Paragraphs 1 through 89 inclusive, are incorporated by reference as if fully set forth at length herein.

91. By the acts complained of, Defendants have retaliated against Plaintiff for exercising her rights under the Pennsylvania Human Relations Act in violation of said act.

92. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory practices unless and until this Court grants relief.

93. At all relevant times herein, Defendants Brian Finestein, John Coker and Karen Vadyak knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same, and aided and abetted the illegal conduct of Defendants Community Health Systems, Inc. and Northampton Hospital Company d/b/a Easton Hospital.

## COUNT IV
## ELIZABETH SENCZAKOWICZ
### v.
## BRIAN FINESTEIN, JOHN COKER and KAREN VADYAK
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

94. Paragraphs 1 through 93 inclusive, are incorporated by reference as if fully set forth at length herein.

95. The actions of Defendants in engaging in the aforementioned unwelcome sexually offensive behavior and conduct, created a work environment which was hostile and intentionally caused Plaintiff to suffer severe emotional distress.

96. The actions of Defendants as aforesaid were deliberate, reckless, malicious and outrageous and thus constituted an intentional affliction of severe emotional distress.

97. The above-stated conduct of Defendants constitutes extreme and outrageous conduct.

98. As a direct result of Defendants' intentional, reckless, extreme, and outrageous conduct Plaintiff has suffered severe emotional distress, humiliation, loss of self esteem, pain and suffering, loss of wages, including back pay and front pay, plus interest due thereon.

## STATEMENT OF FACTS JUSTIFYING
## THE IMPOSITION OF PUNITIVE DAMAGES

99. Paragraphs 1 through 98, inclusive, are incorporated by reference as if fully set forth at

length herein.

100. At all times relevant hereto, Defendants knew or should have known of the pattern of conduct in which Brian Finestein, John Coker and Karen Vadyak had engaged and in which they continue to engage.

101. At all times relevant hereto, Defendants knew or should have known that the aforesaid pattern of conduct was in violation of the law.

102. At all times relevant hereto, Defendants acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well being of the Plaintiff.

103. Plaintiff therefore demands punitive damages under Title VII.

## V. PRAYER FOR RELIEF

104. Plaintiff repeats the allegations of paragraphs 1 through 103 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Defendants and requests that this Court:

   a. Exercise jurisdiction over her claims;

   b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, including, but not limited to, trauma endured in litigating this matter, and punitive damages;

   c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

   d. Order Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

e. Order Defendants compensate Plaintiff with an award of front pay, if appropriate;

f. Order Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

g. Order Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

h. Reinstate Plaintiff to her former position together with back pay and compensatory damages;

i. Order Defendants pay to Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

j. The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By:_____
George S. Kounoupis, Esquire
Nancy S. Skalangya, Esquire
20 East Broad Street
Bethlehem, PA 18018
(610) 865-2608
Attorneys for Plaintiff,
Elizabeth Senczakowicz

Dated: June 6, 2014